## UNITED STATES v. KLOCK.
### No. 8, Docket 22475.

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1953.

Decided Jan. 25, 1954.

Writ of Certiorari Denied
May 3, 1954.

See 74 S.Ct. 710.

Anthony F. Caffrey, U. S. Atty., for the Northern Dist. of N. Y., Syracuse, N. Y. (Robert J. Leamy, Asst. U. S. Atty., Oneonta, N. Y., of counsel), for appellee.

William W. Barron, Washington, D. C., and Robert K. Murray, Syracuse, N. Y., William J. Barron, New York City, for appellant.

Before CLARK, FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

Klock, employed by the bank in its bookkeeping department, had charge of "Ledger 65" which contained a large number of commercial accounts. At the trial, Klock unequivocally testified, both on direct and cross-examination, that in this ledger, in 1950, he made two false entries in order to conceal from bank examiners an inbalance due to the allowance of large overdrafts by certain of the bank's depositors.

He also testified, by way of defense, that he had been authorized by his superiors to allow such overdrafts and to fail to post them as overdrafts in the bank's books. On cross-examination, in order to impeach Klock on that score, the prosecutor, after reading to Klock a small portion from the transcript of his testimony before the grand jury, asked Klock whether that testimony was correct, and received affirmative answers. According to this part of the grand jury testimony, Klock said he had had no authorization from his superiors. Defense counsel then asked permission to inspect the balance of Klock's grand jury testimony. The judge denied this request. Defendant asserts that this was error. The defense of authorization by the bank officers, if proved, would have been a defense to the charge, so far as it related to deception of those officers, and therefore as to that charge the judge did err. If that defense had also been relevant to the charge of deceiving the bank examiners, we think the judge's ruling would have been reversible error. See Criminal Rule 6(e), 18 U.S.C.; cf. United States v. Alper, 2 Cir., 156 F.2d 222; United States v. Remington, 2 Cir., 191 F.2d 246, 251. Obviously, however, no bank officers could authorize defendants to commit the crime of deceiving the bank examiners.[2] As Judge Hough said "Authority to commit a crime is an impossibility * * *"; United States v. Morse, C.C., 161 F. 429, 435.

Consequently, we think the judge's error was harmless. For, in the face of Klock's clear testimonial admission that he had made the false entries to deceive the bank examiners, no reasonable jury could have failed to convict the defendant on that charge, contained in each count. See, e.g., Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185; United States v. Tramaglino, 2 Cir., 197 F.2d 928, 932.

Defendant asserts error in the composition of the grand jury and petit jury; whether here this challenge was timely made in the trial court, we need not consider, for we think there is no merit in the challenge, as shown in our opinion in United States v. Titus, 2 Cir., 210 F.2d 210. Nor do we see any merit in defendant's contentions that he did not receive a fair trial because of the judge's bias or because of failure to grant defendant a continuance for a sufficient time to enable him to prepare his defense.

Affirmed.

---

2. If the bank officers instructed Klock to make the false entries to deceive the examiners, the officers themselves would be indictable under 18 U.S.C. § 2. Cf. Brickey v. United States, 8 Cir., 123 F.2d 341; Cochran & Sayre v. United States, 157 U.S. 286, 293–294, 15 S.Ct. 628, 39 L. Ed. 704.