**Richard JAYNES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14247.**

United States Court of Appeals Ninth Circuit.

June 27, 1955.

Rehearing Denied July 29, 1955.

Frederick Paul, William L. Paul, Jr., Seattle, Wash., for appellant.

T. E. Munson, U. S. Atty., Juneau, Alaska, C. Donald O'Connor, Asst. U. S. Atty., Ketchikan, Alaska, for appellee.

Before DENMAN, Chief Judge, and ORR and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Jaynes appeals from the conviction on five counts of an indictment, all the sentences being concurrent. In this situation if the sentence on any one count is valid, there should be an affirmance.

Count four of the indictment charged:

"That on or about the third day of July, 1953, at Ketchikan, Division Number One, Territory of Alaska, Richard Jaynes, being then and there the Cashier of the First National Bank of Ketchikan, a bank insured by the Federal Deposit Insurance Corporation, did wilfully, unlawfully and feloniously make a false entry in a book of the said bank, to wit, a false entry in the Cashier's check register, by entering a cashier's check No. 22504, in the amount of $1,000, whereas in truth and in fact the said cashier's check, No. 22504, was not in the amount of $1,000, but was made instead, in the amount of $10,000, with the intent then and there to injure and defraud the said bank and to deceive any agent or examiner appointed to examine the affairs of said bank."

So far as material 18 U.S.C. § 1005 provides:

"Whoever makes any false entry in any book, report, or statement of such bank with intent to injure or defraud such bank, or any other company, body politic or corporate, or any individual person, *or to deceive any officer of such bank, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of such bank,* or the Board of Governors of the Federal Reserve System * * *." (Emphasis added.)

Appellant was employed by the First National Bank of Ketchikan as cashier. Appellant was having a home constructed and had difficulty meeting the costs of construction. Taking advantage of his position at the bank Jaynes wrote a cashier's check for $10,000 payable to a fictitious person and delivered the check to his contractor. However, Jaynes falsely entered the amount of this check in the bank's permanent record as $1,000. There is testimony that the transaction was camouflaged because defendant felt that it was nobody's business but that of the defendant and the contractor.

■■ Jaynes contends that he was authorized by the bank president and vice president to make the false entry and that his offer of proof to show this was improperly rejected. Authorization by the bank officials is no defense to a charge of making a false entry to deceive a bank examiner. United States v. Klock, 2 Cir., 210 F.2d 215, 216. If believed, the rejected testimony might have constituted a defense to the charge of making a false entry with intent to defraud the bank. United States v. Klock, 2 Cir., 210 F.2d 217, 220.

However, under the statute, making either the false entry to deceive the examiner or to defraud the bank alone constitutes a crime. Count four charged the crime committed by both methods and the charge that there was intent to defraud the bank may be disregarded as surplusage. This is not a case where a jury has found a defendant guilty on a count charging, for instance, defrauding the bank *or* deceiving the bank examiner. In such a case, if a conviction was improperly obtained as to one of the charges the reviewing court cannot know whether the jury found the defendant guilty on the charge wherein the error was committed and innocent on the other charge. Here we know that the jury had to find the defendant guilty on the charge of intent to deceive *and* intent to defraud.

There being no error in the exclusion of the offer of proof on the issue of intent to deceive the bank examiner or agent appointed to examine the affairs of the bank, the judgment is affirmed.